UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-6656-VAP (MAR)**                                                 Date:  August 26, 2021

Title:  *Kendall DeJuan Simon v. State of California*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) MINUTE ORDER RE:  MOTION TO PROCEED IFP, DKT. 2**

On August 7, 2021, Plaintiff constructively filed a Prisoner Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983") and a Motion to Proceed In Forma Pauperis ("IFP") in the United States District Court for the Eastern District of California.  ECF Docket Nos. ("Dkt(s).") 1; 2.  On August 16, 2021, the instant action was transferred from the Eastern District of California to the Central District of California.  Dkts. 3; 4.

The Court requires certain information to rule on Plaintiff's IFP Motion that is missing from either the Motion or the Complaint.  Specifically, it is unclear whether:
(1) Plaintiff is presently detained and currently awaiting trial;
(2) Plaintiff was already convicted, sentenced, and imprisoned pursuant to his convicton and sentence; or
(3) If Plaintiff was not convicted but remains civily committed at the Metrpolitan State Hospital.

Plaintiff also fails to include his trust account information with his IFP Motion.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002).

The filing fee provisions of 28 U.S.C. § 1915(b) do not apply where the plaintiff was not a "prisoner" as defined by 28 U.S.C. § 1915(h) the time the action was filed.  Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("we hold that . . . the PLRA's requirement that prisoner plaintiffs seeking to proceed in forma pauperis must provide copies of prisoner trust fund account statements" does not apply where plaintiff is detained not for his criminal conviction, "but rather a civil commitment for non-punitive purposes." (emphasis added)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   **2:21-cv-6656-VAP (MAR)**                                                  Date:  August 26, 2021

Title:   *Kendall DeJuan Simon v. State of California*

      For purposes of the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. Andrews, 398 F.3d at 1122; Agyeman, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under section 1915).

      Plaintiff states that he was "released on charges" but that he now sits "5 years later still institutionalized for crimes [he] went to trial by judge [sic] and was found innocent on all charges [sic]." Dkt. 1 at 7. However, he provides no additional information to allow the Court to understand and verify his current status and whether he qualifies as a "prisoner" under the PLRA.

      Thus, if Plaintiff is either presently detained awaiting trial, or if he was already convicted, sentenced, and is presently detained pursuant to his conviction and sentence, then Plaintiff will need to submit a new Form CV-60P that includes his trust account statements. If, on the other hand, Plaintiff's present detention is pursuant to a civil commitment, then the Court will consider Plaintiff's current IFP Motion, Dkt. 2.

      Accordingly, Plaintiff must reply to this Order within **twenty-one (21) days, by September 16, 2021**, addressing his current detention status and whether he qualifies as a "prisoner" pursuant to the PLRA. If he does, Plaintiff must file a new Form CV-60P and include his trust account information. The Clerk of Court is instructed to include a new Form CV-60P for Plaintiff's convenience.

**IT IS SO ORDERED.**

**Initials of Preparer**   :  eb

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
|  | CASE NUMBER |
| PRISONER/PLAINTIFF, |  |
| v. | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). |  |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case; that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed in prison? ☐Yes   ☐No

    a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b. State the place of your incarceration _____.
    Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
    a. Business, profession or form of self-employment?   ☐Yes   ☐No
    b. Rent payments, interest or dividends?   ☐Yes   ☐No
    c. Pensions, annuities or life insurance payments?   ☐Yes   ☐No
    d. Gifts or inheritances?   ☐Yes   ☐No
    e. Any other income (other than listed above)?   ☐Yes   ☐No
    f. Loans?   ☐Yes   ☐No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: _____

    _____

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.)  ☐ Yes    ☐ No

   If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes    ☐ No

   If the answer is yes, describe the property and state it approximate value: _____

   _____

5. In what year did you last file an Income Tax Return? _____

   Approximately how much income did your last tax return reflect? _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   _____

   _____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

_____          _____
              State                                                    County (or City)

I, _____, declare under penalty of perjury that the foregoing is true and correct.

_____          _____
              Date                                              Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

_____
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average of monthly deposits to the applicant's account was $_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____        _____
Date                                              Authorized Officer of Institution (Signature)