1
2
3
4    UNITED STATES DISTRICT COURT
5    CENTRAL DISTRICT OF CALIFORNIA
6
7    KENDALL DEJUAN SIMON,                 Case No. 2:21-cv-6656-VAP (MAR)
8                        Plaintiff,        ORDER DISMISSING COMPLAINT
9          v.                             WITH LEAVE TO AMEND
10   STATE OF CALIFORNIA,
11                       Defendant.
12
13
14                              **I.**
15                        **INTRODUCTION**
16        On August 7, 2021, Kendall Dejuan Simon ("Plaintiff") proceeding pro se,
17   constructively filed[1] a Complaint ("Complaint").  ECF Docket No. ("Dkt.") 1.
18   Plaintiff also filed a Request to Proceed to In Forma Pauperis ("IFP"), Dkt. 2, which
19   the Court instructed Plaintiff to amend.  Dkt. 6.  Plaintiff submitted a new Request to
20   Proceed IFP, Dkt. 9, which appears to suffer from the same deficiencies as his first
21   IFP Request.  For the reasons discussed below, the Court denies Plaintiff's second
22   IFP Request dismisses the Complaint with leave to amend.
23        **If Plaintiff desires to pursue this action, he is ORDERED to respond by**
24   **no later than January 10, 2022, by choosing one of the three (3) options**
25   **discussed in Part V, below.  If Plaintiff chooses to file an amended complaint,**
26   **he must also file a new Request to Proceed IFP.**  Further, Plaintiff is admonished
27
28

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

1   that, if he fails to timely respond, the Court **will** recommend that this action be

2   dismissed without further leave to amend and with prejudice for failure to state a

3   claim and follow the Court's orders.

4                                  **II.**

5                    **SUMMARY OF THE COMPLAINT**

6   **A.   ALLEGATIONS**

7         The Complaint lists a single defendant, State of California, and includes two

8   causes of action that appear to lump together several claims:  (1) "kidnapping in the

9   form of an arrest – the rights to basic freedoms – double jeopardy" and (2) "Double

10  Jeopardy – false 911 report – stalking[.]"  Dkt. 1 at 1, 3, 8.  In the form Complaint,

11  Plaintiff also checks four (4) boxes identifying four (4) additional issues involved:  (1)

12  disciplinary proceedings, (2) threat to safety, (3) access to the court, and (4) retaliation.

13  Dkt. 1 at 3.

14        Plaintiff lists the following supporting facts in support of his first cause of

15  action:

16        (a) Plaintiff was kidnapped by two (2) officers reeking of marijuana and liquor

17              in the form of an arrest;

18        (b) Plaintiff was stalked by two (2) males who got the 911 operator to issue a

19              warrant "out of [sic] air with no evidence or proof of crime;

20        (c) "Double jeopardy – charged with same crime twice in same area (Case #

21              ZM048107)";

22        (d) "Foul play on arrest"; and

23        (e) "Didn't tell truth on police report[.]"

24  Dkt. 1 at 3.  Plaintiff alleges that he has "been institutionalized, forced to fight" and

25  received "no medical attention for back injury in jail while innocent of charges."  Id.

26        Plaintiff explains that the events underlying the first cause of action as follows:
              [A]ll started about 4 years ago when [Plaintiff] first made [his] way
27        to Beverly Hills Blvd . . . [Plaintiff] was taken to jail from Beverly Hills
              Blvd and Sunset Street . . . [Plaintiff] was charged with 3 assaults 3 criminal
28

                                        2

threats 1 vandalism . . . [Plaintiff] was then released to the custody of a physciatric [sic] clinic that in return released [Plaintiff] from custody after 2 [illegible] days, then [Plaintiff] mistakenly returned to the shopping center to walk to [Plaintiff's] second bus to get [illegible] to home. When [Plaintiff] walked past the coffee & TSA spa they came running out the door to follow [Plaintiff].[2] . . . They then followed [Plaintiff] to the elevator and established verably [sic] that they were armed with a knife and small caliber hand gun they never pull them out so for feet [sic] [Plaintiff] cant say they had a firearm but [Plaintiff] did see the knife so [Plaintiff] took off walking away from their [illegible]. [Plaintiff] speed walked to the grocery store to find safety [Plaintiff] was afraid for [Plaintiff's] life and the two males then stalked [Plaintiff] all the way to the grocery store . . . After [Plaintiff] got there the security guard approached [Plaintiff] to ask what's wrong [Plaintiff] hold him there were two males following [Plaintiff] with gun and knife. He informed [Plaintiff] that this type of thing happens everyday [illegible] guys stalking handsome men [sic] violations. He told [Plaintiff] to walk to a restaurant and walk in and they would stop following [Plaintiff]. During this entire ordeal they were on the phone with 911 fabricating an emergency to get a warrant issued with no evidence . . . [W]ell two officers pulled up and detained [Plaintiff] for having scissors then found no scissors then changed there [sic] story to warrant for arrest . . . Then the two males [illegible]. [Plaintiff] had just got released on and called 911 and got them to charge [Plaintiff] with the exact same crimes or criminal charges that [Plaintiff] was released on . . . Again for a second time[.] They arrested [Plaintiff] and put [Plaintiff] in a marijuana reeking squad [illegible] SUV. . . [Plaintiff] was then arrested for 3 agg assaults 3 criminal threats and 1 vandalism the exact same charges [Plaintiff] had just been released on.

Dkt. 1 at 4-7.

As to the second cause of action, "Double Jeopardy – false 911 report – stalking," Plaintiff alleges:

(a) Plaintiff "was stalked by both 2 males on [Plaintiff's] police report";

(b) "Police Report reads no Miranda rights no evidence"

(c) "It is an illegal act to arrest with no evidence. No Miranda rights on police report."

---

[2] Plaintiff further alleges that the footage from the day of Plaintiff's arrest will show that Plaintiff never entered the establishment but that it will show "two male Hispanics running out the door to attack an unarmed innocent [Plaintiff]." Dkt. 1 at 4.

Dkt. 1 at 8.  Plaintiff also explains that he has suffered "mental anguish and 4 years of mental treatment do [sic] to incarceration. Night tremors. Forced to fight for survival."  Id.

**B.    RELIEF SOUGHT**

Plaintiff is "seeking [Plaintiff's] freedom and the basic reimbursement for time lost in jail while innocent[.]"  Dkt. 1 at 9.  In addition, Plaintiff seeks "[r]elief for time served while innocent with trial by judge as proof of innocence."  Id.

**III.**

**STANDARD OF REVIEW**

Where a plaintiff is incarcerated[3] a court must screen the complaint under 28 U.S.C. § 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989).  Although the plaintiff must provide "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."

---

[3] As the Court explained in its Order instructing Plaintiff to resubmit his IFP Request with additional information, Plaintiff's current confinement status is unclear.  See Dkt. 6.  Nonetheless, given Plaintiff's repeated references to being incarcerated, the Court proceeds to screen the Complaint.

4

1    Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks

2    omitted).

3         In considering whether a complaint states a claim, a court must accept as true

4    all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892–93

5    (9th Cir. 2011).  However, a court need not accept as true "allegations that are merely

6    conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re

7    Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  The court must also

8    construe the pleading in the light most favorable to the pleading party and resolve all

9    doubts in the pleader's favor.  See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.

10   2005).  Pro se pleadings are "to be liberally construed" and are held to a less stringent

11   standard than those drafted by a lawyer.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.

12   2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not

13   alter courts' treatment of pro se filings; accordingly, we continue to construe pro se

14   filings liberally when evaluating them under Iqbal.").

15        If a court finds the complaint should be dismissed for failure to state a claim, a

16   court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203

17   F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it

18   appears possible the defects in the complaint could be corrected, especially if the

19   plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106

20   (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot

21   be cured by amendment, a court may dismiss without leave to amend.  Cato, 70 F.3d

22   at 1105, 1107–11.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**IV.**

**DISCUSSION**

**A.  THE COMPLAINT FAILS TO STATE A CLAIM OR COMPLY WITH RULE 8**

**1.  Applicable law**

Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 555.  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

A court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008); Conley v. Gibson, 355 U.S. 41, 47 (1957).

**2.  Analysis**

Here, even construed liberally, the Complaint provides nothing that could be construed as a cause of action or claim for relief.  The caption of the Complaint only names "State of California" as a defendant—though does not reference the "State of California" anywhere in the body of the Complaint—and otherwise only refers to individuals involved as the two (2) police officers or two (2) males. Dkt. at 4-8.  Likewise, Plaintiff does not cite any constitutional violations, or explain what actions any specific defendant took that led to that constitutional violation.  Without any named defendants, the Court could not serve the Complaint.  Furthermore, in its

6

1   current state, no would-be defendants could identify any claims to respond to.  Thus,

2   the Complaint fails to state any cognizable claim and is subject to dismissal for failure

3   to comply with Rule 8.

4          Ultimately, unclear pleadings, like the Complaint, that "leav[e] it to the Court to

5   figure out what the full array of [Plaintiff's] claims is and upon what federal law, and

6   upon what facts, each claim is based," are subject to dismissal.  Little v. Baca, No. CV

7   13-0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Plaintiff's

8   Complaint does not set forth a "short and plain statement" of his claims as to the

9   Defendants.  Dura Pharms., Inc., 544 U.S. at 346.  The Complaint fails to state any

10  cognizable claim and is therefore subject to dismissal for failure to comply with Rule

11  8.  See McHenry, 84 F.3d at 1177.  If Plaintiff chooses to file an amended complaint,

12  he must identify the legal and factual basis for each defendants' alleged liability.

13  Therefore, in any amended complaint, Plaintiff should clearly state:

14          (1)     Who each Defendant is;

15          (2)     What each Defendant did to cause Plaintiff harm;

16          (3)     When and where each Defendant committed the alleged acts;

17          (4)     What federal constitutional right or statute each Defendant violated; and

18          (5)     What harm resulted from each Defendant's alleged acts.

19  See Tucker v. Stewart, 72 F. App'x 597, 598 (9th Cir. 2003) (denying plaintiff's

20  claims for failing to satisfy Rule 8 where he failed to allege these elements as

21  instructed by the district court).

22          Irrespective of Plaintiff's pro se status, if he wishes to proceed with this action,

23  he must comply with the Federal Rules of Civil Procedure and the Local Rules of the

24  United States District Court for the Central District of California ("L.R.").  See, e.g.,

25  Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants

26  are not excused from following court rules"; L.R. 1-3 ("Persons appearing pro se are

27  bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies

28  to parties pro se unless the context requires otherwise.").

**B.     PLAINTIFF FAILS TO STATE AN INADEQUATE MEDICAL CARE CLAIM UNDER THE FOURTEENTH AMENDMENT**

**1.     Applicable law**

The Fourteenth Amendment governs claims for violations of the right to adequate medical care brought by pretrial detainees.  Gordon, 888 F.3d at 1124–25, cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794 (2019).  A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard.  Id.  The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

> Id.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (quoting Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  The "'mere lack of due care'" is insufficient.  Id. (quoting Daniels v. Williams, 474 U.S. 327, 330–31 (1986)).  A plaintiff must "prove more than negligence but less than subjective intent – something akin to reckless disregard."  Id.; Sarkiss v. Duncan, No. CV 17-06866-VAP (DFM), 2017 WL 10562979, at *6 (C.D. Cal. Sept. 22, 2017) ("[A] claim of medical malpractice or mere negligence is insufficient to make out a Fourteenth Amendment claim.").

**2.     Analysis**

Here, Plaintiff alleges he received "no medical attention for back injury [Plaintiff] had in jail while innocent of charges" and that he has suffered "mental anguish and 4 years of mental treat do [sic] to incarceration."  Dkt. 1 at 3, 8.  Thus, it

appears Plaintiff has alleged both that he has not received treatment for injuries but that he has also been injured by the "mental treatment" that he did receive.  Plaintiff, however, does not explain how he was injured by the medical care he received (or lack thereof), or how his original injuries were exacerbated by any would-be defendants' decisions regarding Plaintiff's medical care.  Furthermore, Plaintiff has not alleged any facts about defendants' conduct that could show the defendants acted with more than a "something akin to reckless disregard—i.e., with something more than negligence." Gordon, 888 F.3d at 1124–25.  As noted above, any amended complaint should include these additional details, if possible, and clearly restate relevant information from the Complaint.

## C.   THE COMPLAINT APPEARS <u>HECK</u> BARRED AND SUBJECT TO DISMISSAL

### 1.   Applicable law

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994).  "[A] state prisoner's § 1983 action is barred" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," except where the prisoner's conviction has already been invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

### 2.   Analysis

Here, Plaintiff—in addition to the Fourteenth Amendment claim regarding inadequate medical care—alleges facts that may be construed as wrongful arrest, and therefore appears to challenge the validity of his conviction, as opposed to the conditions of his confinement. See Dkt. 1.  Indeed, in addition to reimbursement for time served, Plaintiff seeks his release from custody. Id. at 9.  Success on Plaintiff's challenges to the arrest that led to his conviction would necessarily invalidate Plaintiff's conviction.  Plaintiff has not shown his conviction has already been invalidated.  Thus, the Complaint is barred under Heck and subject to dismissal.

## V.

## **REQUEST TO PROCEED IFP**

**A.    APPLICABLE LAW**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002).

The filing fee provisions of 28 U.S.C. § 1915(b) do not apply where the plaintiff was not a "prisoner" as defined by 28 U.S.C. § 1915(h) the time the action was filed. Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("we hold that . . . the PLRA's requirement that prisoner plaintiffs seeking to proceed in forma pauperis must provide copies of prisoner trust fund account statements" does not apply where plaintiff is detained not for his criminal conviction, "but rather a civil commitment for non-punitive purposes." (emphasis added)).

For purposes of the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. Andrews, 398 F.3d at 1122; Agyeman, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under section 1915).
///

**B.    ANALYSIS**

On August 7, 2021, Plaintiff constructively filed a Motion to Proceed IFP. Dkt. 2.  The Court issued an Order instructing Plaintiff to resubmit his Motion to Proceed IFP because the Motion lacked certain information necessary to decide on the Motion.  Dkt. 6.  On December 1, 2021, Plaintiff submitted a Motion to Proceed IFP that appears to be a copy of his first Motion.  Dkt. 9.  Thus, Plaintiff has failed to comply with the Court's instructions regarding proceeding IFP.

Plaintiff states that he was "released on charges" but that he now sits "5 years later still institutionalized for crimes [he] went to trial by judge [sic] and was found innocent on all charges [sic]."  Dkt. 1 at 7.  However, he provides no additional information to allow the Court to understand and verify his current status and whether he qualifies as a "prisoner" under the PLRA.

Thus, if Plaintiff is either presently detained awaiting trial, or if he was already convicted, sentenced, and is presently detained pursuant to his conviction and sentence, then Plaintiff will need to submit a new Form CV-73P that includes his trust account statements.  If, on the other hand, Plaintiff's present detention is pursuant to a civil commitment, then the Court will consider Plaintiff's current IFP Motion, Dkt. 2.

Accordingly, Plaintiff must reply to this Order with one the three (3) options listed below, which should also address his current detention status and whether he qualifies as a "prisoner" pursuant to the PLRA.  Plaintiff must also file a new Form CV-60P and include his trust account information.  **The Clerk of Court is instructed to include a new Form CV-60P for Plaintiff's convenience.**

**VI.**

**LEAVE TO FILE AN AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

1    Accordingly, **IT IS ORDERED THAT by January 10, 2022,** Plaintiff must

2    choose one (1) of the following three (3) options:

3    1.    Plaintiff may file an Amended Complaint to attempt to cure the deficiencies

4    discussed above. <u>**The Clerk of Court is instructed to mail Plaintiff a blank**</u>

5    <u>**Central District civil rights complaint form to use for filing an Amended**</u>

6    <u>**Complaint, which the Court encourages Plaintiff to use. The Clerk of Court is**</u>

7    <u>**also directed to mail Plaintiff a copy of his Complaint, Dkt. 1, for his reference.**</u>

8    If Plaintiff chooses to file an Amended Complaint, Plaintiff is advised that

9    doing so would entirely replace the Complaint in this action. In addition, any

10   Amended Complaint must:

11        (a) be labeled "First Amended Complaint";

12        (b) be complete in and of itself and not refer in any manner to prior

13            complaints, i.e., it must include all of the claims on which Plaintiff seeks to

14            proceed, (<u>see</u> Local Rule 15-2);

15        (c) contain a "short plain" statement of the claim(s) for relief, <u>see</u> Fed. R. Civ.

16            P. 8(a) and identify whether Plaintiff is suing Defendants in their individual

17            or official capacity;

18        (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);

19        (e) make allegations in numbered paragraphs, "each limited as far as practicable

20            to a single set of circumstances," Fed. R. Civ. P. 10(b);

21        (f) set forth clearly the sequence of events (including specific relevant dates)

22            which allegedly gives rise to the claim(s) for relief, including what each

23            defendant did and how each specific defendant's conduct injured plaintiff;

24            and

25        (g) not add defendants or claims without leave of court.

26   2.    Alternatively, Plaintiff may file a notice with the Court that he intends to

27   stand on the allegations in his Complaint. If Plaintiff chooses to stand on the

28   Complaint despite the deficiencies in the claims identified above, then the Court will

12

submit a recommendation to the assigned district judge **that the Complaint be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.    Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>**The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.**</u>

**Plaintiff is explicitly cautioned that failure to timely file an Amended Complaint <u>will</u> result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  December 22, 2021

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

M2702728 KENDALL DEJUAN SIMON

<u>Name and Prisoner/Booking Number</u>

<u>Metropolitan state Hospital</u>
<u>Place of Confinement</u>

<u>11401 Bloomfield Ave</u>
<u>Mailing Address</u>

<u>Norwalk, CA, 90 650</u>
<u>City, State, Zip Code</u>

RECEIVED

AUG 12 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____98_____DEPUTY CLERK

FILED

AUG 12 2021

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
.DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

<u>KENDALL DEJUAN SIMON</u>,
<u>(Full Name of Plaintiff)</u>           Plaintiff,

v.

(1) <u>STATE OF CALIFORNIA</u>,
<u>(Full Name of Defendant)</u>

(2) _____,

(3) _____,

(4) _____,
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:21 cv 01221 SAB(PC)

CASE NO. ZM048107
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: (LA) _____

Revised 3/15/2016                                    1

## B. DEFENDANTS

1. Name of first Defendant: KENDALL DEJUAN SIMON. The first Defendant is employed as: Medical Test Patient at _____.
   (Position and Title)         (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as: _____ at _____.
   (Position and Title)         (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)         (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: KENDALL DEJUAN SIMON v. STATE OF CALIFORNIA - LAPD
      2. Court and case number: ZM040107 - BA472524
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Still pending

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: Kidnapping in The Form OF AN ARREST - THE RIGHTS TO BASIC FREEDOMS - DOUBLE JEPORDY)

2.  **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

    ☐ Basic necessities     ☐ Mail     ☑ Access to the court     ☐ Medical care
    ☑ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☑ Retaliation
    ☐ Excessive force by an officer     ☑ Threat to safety     ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    I WAS KIDNAPPED BY TWO OFFICERS REEKING OF MARIJUANA & LIQUOR IN THE FORM OF AN ARREST

    I WAS STALKED BY TWO MALES WHOM GOT 911 OPERATER TO ISSUE A WARRANT OUT OF THIN AIR WITH NO EVIDENCE OR PROOF OF CRIME

    DOUBLE JEPORDY - CHARGED WITH SAME CRIME TWICE IN SAME AREA

    (CASE # ZM048107)

    FOUL PLAY ON ARREST

    DIDNT TELL TRUTH ON POLICE REPORT

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    I HAVE BEEN INSTITUTIONALIZED, FORCED TO FIGHT NO MEDICAL ATTENTION FOR BACK INJURY HELD IN JAIL WHILE INNOCENT OF CHARGES.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes   ☑ No
    b.  Did you submit a request for administrative relief on Claim I?     ☑ Yes   ☐ No
    c.  Did you appeal your request for relief on Claim I to the highest level?     ☑ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

Kendall digital signature

CASE # ZM048107

CASE # BA472524

②

This all started about 4 years ago when I first made my way to Beverly Hills Blvd, OK I was taken to Jail From Beverly Hills Blvd and Sunset Street ____ I was charged with 3 assaults 3 criminal threats 1 vandalism ____ I was then released to the Custody of a phsyciatric clinic that in return released me from Certedy after 2 or days, then I mistakenly returned to the shopping center to walk to my Second Bus to get closer to Home. When I walked past the coffee & Tea spot they came running out the door to Follow me. If you check the camera Froom day of arrest it will show that I never entered the establishment ____ But it will show two male Hispanics running at the door to attack an unarmed innocent man.

(2)

They then Followed me
to the Elevator and
established verbely that
they were armed with
a KNIFE and small caliber
Hand gun they never pulled
them out so for Fect I cant
say they Had a Firearm ~~so Fect~~
I did see the knife so I
took off walking away from
thier ~~Door~~ (TUBE) ~~~~
I speed walked to
the grocery store to find
Sefety I was ~~~~ AFRAID For
my LIFE And the two
males then stalked me all the
way to the grocery store ~~~~
After I got there the security
Guard approched me to ask
whats wrong I told him
there were two males Following
me with gun and knife
He Informed me that this
type of thing happens everyday
Gay Guys Stalking Handsome men violently

(3)

He told me to walk to
a restaurant and walk
in and they would stop
following me.
During this entire ordeal
they were on the phone
they were on the phone
with 911 Fabricateing
an emergency to get a
warrent issued with no
evidence you can not issue
a warrant out of thin air
You must have a name and
evidence will two officers
pulled up and detained me
for haveing scissors then found
no scissors then changed their
story to warrant for arrest
Then the two idots terff all
five charges I had just got
released on and called 911
and get them to charge me
with the exact same crimes
or criminal charges that I was
released on Again for a second
time

(4)

They arrested me and
put me in a marijuana
reeking Squad mobile SUV *Their Police Drug*
*a test prior to*
*Arrest Date.*

I was detained for
Scissors and they found
No Scissors but still
upheld warrant about scissors......

I was then arrested
For 3 Agg Assults 3 criminal threats
and 1 vandalism
the exact same charges
I had just been released on.
They managed to get 911
to issue a warrant out of this
Air......

I was detained for the same
Crime's twice double Jeporvely......

it is an illegal act to
charge someone with the same
crimes twice if they have been
released on charges......

Now I sit 5 years later still
institutionalized for crimes I've went
to trial by Judge and was found
innocent on all charges now I seek comper

*their Police Drug a test prior to Arrest Date,* (right margin: slsRecks.....)
(right margin vertical text) I went so that slsRecks....
(right margin vertical) leaving when I wasn't incarcerated
(right margin vertical) I can't
(right margin vertical) If still incarcerated
(right margin vertical) If Because

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: Double Jeopardy.
   False 911 Report. Stalking

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety     ☑ Other: Stalking. Double Jeopardy

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   I was Stalked by both 2 Males on my Police Report, Police Report reads no miranda Rights No Evidence

   It is an illegal Act To Arrest with No Evidence. No Miranda Rights on Police Report.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Mental Anguish and 4 Years of mental Treatment Do to Encarceration. Night Tremmors. Forced To Fight For Survival.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim II?    ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Claim II to the highest level?    ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking: I am Seeking my Freedom And
the Basic reimbursment For time Lost
In Jail while Inncent
Relief For time Served while Inncent with
trail By Judge As Proof of Innocense

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __Aug. 7 - 2021__
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is
dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim
brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).


_____          _____
            *Date*                              *Signature of Attorney/Party*


*NOTE:*   *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

   *F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

_____

FULL NAME

_____

COMMITTED NAME (if different)

_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| PLAINTIFF, | _____ |
|  | *To be supplied by the Clerk* |
| v. |  |
|  | **CIVIL RIGHTS COMPLAINT** **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.   Parties to this previous lawsuit:
     Plaintiff _____

     _____

     Defendants _____

     _____

b.   Court _____

     _____

c.   Docket or case number _____

d.   Name of judge to whom case was assigned _____

e.   Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

     appealed?  Is it still pending?) _____

f.   Issues raised: _____

     _____

     _____

g.   Approximate date of filing lawsuit: _____

h.   Approximate date of disposition _____


## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.   Is there a grievance procedure available at the institution where the events relating to your current complaint
     occurred?  ☐ Yes    ☐ No

2.   Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

     If your answer is no, explain why not _____

     _____

     _____

3.   Is the grievance procedure completed?  ☐ Yes    ☐ No

     If your answer is no, explain why not _____

     _____

4.   Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                         (print plaintiff's name)

who presently resides at _____,
                              (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
                  (institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)                    (Claim II)                    (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D.  CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____          _____
        *(Date)*                              *(Signature of Plaintiff)*